# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CHARLES LAFFERTY, JR.,

     Plaintiff

v.

WEILAND, et al.,

     Defendants

Case No.: 3:22-cv-00147-MMD-CSD

**Order**

In Plaintiff's response to Defendants' motion for summary judgment he references handheld video camera footage of the incident that was not produced to him by Defendants. Defendants' reply brief asserts that Plaintiff did not request the discovery he claims is necessary to support his response; his motion to compel was denied by the court; and there were no discovery requests after Defendants submitted their initial disclosures on January 11, 2023.

The court acknowledges that Plaintiff filed an untimely motion to compel the handheld video camera footage, that was denied because Plaintiff did not file the required meet and confer certification. (ECF Nos. 38, 41.) Notwithstanding the denial of that motion, Plaintiff raised the issue of the handheld video camera footage at the case management conference on December 12, 2022, and Deputy Attorney General Rands represented that he would look into whether such footage existed and produce it if it exists.

Moreover, the scheduling order discussed the scope of mandatory disclosures in this case, and specifically required the Defendants to produce any video that is relevant to Plaintiff's claims.

The evidence submitted by Defendants in support of their motion for summary judgment confirms that a handheld camera was used by officers who responded to the spontaneous use of force. (*See* ECF No. 27-1 at 3-4.)

A video was part of Defendants' initial disclosures (ECF No. 35-1 at 6), and presumably this is the video submitted manually in support of Defendants' motion for summary judgment, but it does not appear this is the handheld video footage referenced in the investigation detail report and that which is sought by Plaintiff.

The handheld video evidence existed, at least at the time of the incident, and Defendants were put on notice of its relevance to this litigation at least as of the December 2022 case management conference, if not earlier. Therefore, it should have been identified with Defendants' mandatory disclosures and made available for Plaintiff to review.

On or before **November 3, 2023**, defense counsel shall file a notice with the court indicating whether the handheld video camera footage was identified by Defendants as part of their mandatory disclosures, and if not, why it was not identified and made available for Plaintiff to review. If that handheld video camera footage exists and was not previously identified and made available for Plaintiff to review, Defendants shall advise the court as such. In addition, Defendants shall make it available for Plaintiff to review on or before **November 3, 2023**, and shall file a copy manually with the court by that date. Plaintiff will then have until November 13, 2023, to file a supplemental response to Defendants' motion for summary judgment, and Defendants will have until November 20, 2023, to file a supplemental reply.

Alternatively, if the handheld video camera footage was not previously identified to Plaintiff, and if it does not exist, Defendants shall provide an appropriate declaration detailing

what happened to that evidence and why it was not identified and made available for Plaintiff's review. This shall also occur by November 3, 2023.

**IT IS SO ORDERED**.

Dated: October 30, 2023

Craig S. Denney
United States Magistrate Judge